NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INSURANCE SERVICES OFFICE, INC., a domestic corporation,<br><br>Plaintiff,<br><br>v.<br><br>COSENTINI ASSOCIATES, LLC, a foreign corporation,<br><br>Defendant. | Civil Action No. 05-1927 (SRC)<br><br><br><br><u>OPINION</u> |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

The issue before this Court is whether Plaintiff's Motion for an Order to submit a specific jury instruction regarding the testimony of non-party witness Christopher Vlachos ("Vlachos") and to provide an adverse inference charge to the jury based on alleged negligent spoliation of the transcript from the deposition of Vlachos, should be granted when the deposition transcript cannot be located by either Plaintiff or Defendant, and Vlachos is available to serve as a witness at trial.

For the reasons set forth below, Plaintiff's motion is denied.

## II. FACTUAL BACKGROUND

Plaintiff, Insurance Services Office Inc. ("ISO"), seeks to recover damages for alleged professional negligence by Defendant engineering firm Cosentini Associates, LLC ("Cosentini") in the design of the Heating, Ventilation and Air Conditioning (HVAC) system for the plaintiff's computer server room. (Kirk Cert. ¶ 2, Mar. 13, 2008.) One key issue in the case concerns the cooling capacity of the server room. (Kirk Cert. ¶ 10.) At the inception of the project, Cosentini's

original specifications called for a cooling capacity of 40 watts per square foot in the server room. (*Id.*) What was ultimately designed and built, however, provided approximately 25 watts per square foot, a change which Plaintiff alleges, resulted in damages exceeding $500,000. (Kirk Cert. ¶ 2.)

Defendant deposed Plaintiff's former employee Vlachos, who was identified as the person in charge of the construction and engineering details for ISO. (Kirk Cert. ¶¶ 3-5.) Vlachos was also the primary contact person for Cosentini. (*Id.*) Plaintiff's counsel, Francis Kirk, was present at the deposition, together with Defendant's counsel, Glenn Fuerth and an unidentified court reporter. (Kirk Cert. ¶ 6.) Following the deposition, Plaintiff's counsel made numerous requests for the Vlachos deposition transcript, but those requests went unanswered by Defendant's counsel. (Kirk Cert. ¶¶ 16-17.) Apparently, neither Plaintiff's nor Defendant's counsel were able to locate the Vlachos deposition transcript. (Kirk Cert. ¶ 18; Fuerth Cert. in Opp'n ¶ 2, Apr. 7, 2008.) Defendant's counsel cannot identify the transcription agency, or locate a payment receipt for the court reporter through its accounting department. (Fuerth Cert. in Opp'n ¶ 2.)

Plaintiff's counsel now moves for an order to submit specific jury instructions regarding Vlachos's testimony and to provide an adverse inference charge to the jury based on the alleged negligent spoliation of Vlachos's deposition transcript. Plaintiff's counsel bases the intended jury instructions on his recollection and on handwritten notes from Vlachos's deposition. (Kirk Cert. ¶¶ 7-14.)

### III. DISCUSSION

There is a lack of case law regarding the issue of lost deposition transcripts or the inability to locate the court reporter after a deposition. Although the Federal Rules of Civil Procedure address the responsibility for expenses incurred in obtaining a deposition transcript, FED. R. CIV. P. 30 §§3-4,

there is no mention of allocating responsibility to obtain either the court reporter's information or subsequently obtaining a transcript of the deposition. Normally either party has the ability to request a copy of the transcript. *Id.*

When deciding similar cases dealing with possible spoliation of evidence, courts usually consider: (1) whether there was a duty to preserve the evidence; (2) a party's culpability in destruction of evidence; (3) the relevance of evidence; (4) the prejudice to the opponent; and (5) the appropriate level of punishment. *McGinnity v. Metro-North Commuter R.R.*, 183 F.R.D. 58, 60 (D. Conn., 1998).

**Duty to preserve the evidence**

"At the outset, the litigant must be on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence." *Id.* In the present case, it was not established that Defendant had a duty to preserve the evidence, particularly as Defendant was never in possession of the deposition transcript. In this case, both parties were unable to either locate the court reporter who recorded the deposition or obtain the deposition transcript. (Kirk Cert. ¶ 18; Fuerth Cert. in Opp'n ¶ 2.)

**Party's culpability in destruction of evidence**

In the present case, Defendant did not destroy the evidence. The evidence simply cannot be located. Further, it has not been shown that Defendant either negligently or actively destroyed or lost the evidence. Plaintiff does argue, however, that the fact that Defendant selected the court reporter for a deposition conducted at the offices of defense counsel may establish Defendant's responsibility and culpability for the absence of the transcript.

3

**Prejudice to opponent**

"In attempting to frame sanctions for destruction of evidence, courts should focus on the extent to which the destruction has impaired the other party's ability to prove his case." *Rogers v. Chicago Park District*, 89 F.R.D. 716, 718 (D.C. Ill. 1981). In the present case, both Plaintiff and Defendant claim that they will be prejudiced by the absence of the deposition transcript. (Fuerth Cert. in Opp'n ¶ 3.) Plaintiff claims that its case will be prejudiced as Vlachos's testimony corroborates its main witness's testimony. (Kirk Cert. ¶ 12.) Plaintiff further claims that not having the transcript will injure its case because Vlachos may testify in court as Defendant's witness and may materially change his testimony. If that occurs, Plaintiff will not have the transcript to impeach Vlachos. (Kirk Cert. ¶ 17.) Plaintiff's concerns regarding Vlachos's testimony may establish that the plaintiff is in fact prejudiced by the absence of the transcript.

Defendant also claims that its case is prejudiced by the missing document, as Vlachos's testimony can be used by Defendant to establish salient aspects of this case. (Fuerth Cert. in Opp'n ¶ 3.) According to Defendant, a central issue in the case is whether Plaintiff or Defendant made the decision to reduce the watts per square foot cooling capacity of the computer server room. (*Id.*) Defendant argues that the fact that Vlachos recalled that such a decision was made but could not recall whether Plaintiff or Defendant made the decision is very significant to Defendant. (*Id.*) Defendant alleges that if a jury determines that the decision to downsize was made by Plaintiff, it "would constitute a devastating blow to ISO's claim". (*Id.*) Further, Defendant argues that Vlachos's testimony can be used by Defendant to establish the knowledge and expertise of Plaintiff in determining the cooling needs created by such equipment, notwithstanding Plaintiff's protestations to the contrary. (*Id.* ¶ 4.)

4

**Appropriate level of punishment**

Culpability, as an element for deciding whether to apply a rebuttable presumption in spoliation cases, "turns on whether the party acted in bad faith or whether there is an innocent explanation for the destruction." *Marshall v. Bally's Pacwest, Inc.*, 94 Wash. App. 372 (Wash. App. Div. 2, 1999). In the present case, both parties have attempted to locate the deposition transcript and have been unsuccessful. (Kirk Cert. ¶ 18; Fuerth Cert. in Opp'n ¶ 2.) It appears that while Defendant did not act in bad faith, he may have acted negligently by not having the court reporter's contact information. There is no specific case law holding that when a party scheduling a deposition is unable to identify the court reporter or obtain the transcript, it is guilty of spoliation. Therefore, Plaintiff's requested remedy is not appropriate. Plaintiff has not established that Defendant was solely responsible for knowing the whereabouts of the deposition transcript.

The transcript is not available because the reporter did not deliver it. (Fuerth Cert. in Opp'n ¶ 2.) Plaintiff has failed to show that this is an example of spoliation of evidence. Both parties have attempted to retrieve the transcript by contacting various court reporting offices and have been unable to do so. (Kirk Cert. ¶ 18; Fuerth Cert. in Opp'n ¶ 2.) Both Plaintiff and Defendant appear to be prejudiced by their failure to obtain the Vlachos deposition transcript. (Fuerth Cert. in Opp'n ¶ 3.) Thus, this matter is distinguishable from cases involving spoliation where one party has benefitted from the evidence prior to its destruction and thereby prejudicing the other party. *(Id.)* Plaintiff has failed to provide any judicial support for the proposition that a deposition transcript that cannot be located due to the fault of both parties constitutes spoliation of evidence. *All Seasons Const., Inc. v. City of Shreveport, La.*, 742 So. 2d 626, 635 (1999)("presumption of spoliation does not apply where

there is a reasonable explanation for failure to produce . . . .") In addition, Vlachos is still available to appear as a witness.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to show that Defendant engaged in spoliation of evidence. Both parties have alleged that they are prejudiced by not having the transcript available and both claim that they would benefit from Vlachos's testimony. In addition, both parties have attempted to retrieve the transcript by contacting various court reporting offices. The transcript is not available because it was not submitted by the court reporter. Plaintiff's motion for an order to submit a specific jury instruction, and to provide an adverse inference charge to the jury based on Plaintiff's attorney's personal notes would be unnecessarily prejudicial to the defendant. In addition, Plaintiff fails to show spoliation of evidence by Defendant. Therefore, Plaintiff's motion for an order to submit a specific jury instruction, and to provide an adverse inference charge to the jury is DENIED.

Dated: July 25, 2008

_____
HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE