## **DUTY TO MITIGATE**

If you decide that ISO is entitled to an award of damages from Cosentini, you must then determine whether any of ISO's injuries could have been avoided or alleviated by its exercise of reasonable care to protect its own financial interests.

It is a general rule that a plaintiff injured by another's negligence (or other wrongdoing) has a duty to exercise reasonable care in order to minimize damages. Failure or refusal to do so bars recovery for consequences which could have been avoided by the exercise of such care. In other words, damages that could have been prevented by the plaintiff's exercising reasonable care are not the responsibility of the defendant.

In this case, the defendant has introduced evidence by which it seeks to reduce or avoid responsibility for plaintiff's damages. The defendant must prove by a preponderance of the evidence that after its negligence occurred, the plaintiff acted unreasonably by taking improper steps to avoid further injury.

Of course, the plaintiff need not take unreasonable risks, nor be required to take unreasonable steps to mitigate.

A defendant is liably only for that portion of the injuries attributable to the defendant's negligence. If you find that the plaintiff did not act reasonably to avoid or to alleviate injury or damages, you shall assess in terms of percentages the degree to which the injuries were the result of the plaintiff's own unreasonable failure to minimize or to avoid further injury or damage.

Source: NJ Model Civil Jury charge 8.11B.